UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARCUS HARE, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE & CASUALTY )<br>COMPANY and STATE FARM MUTUAL )<br>AUTOMOBILE INSURANCE COMPANY,)<br>member Companies of State Farm Insurance )<br>Companies, )<br>       Defendants. ) | Cause No.: 2:10-CV-13-RL-PRC |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants' Motion to Dismiss [DE 24], filed by Defendants on June 23, 2011. Plaintiff has not filed a response, and the time to do so has passed.

On June 24, 2011, Senior District Court Judge Rudy Lozano entered an Order [DE 26] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant the Motion to Dismiss.

**PROCEDURAL BACKGROUND**

On December 1, 2009, Plaintiff, through counsel, filed a Complaint against Defendants in the Lake Superior Court for breach of contract based on a homeowner's insurance policy, breach of contract based on an automobile insurance policy, and tortious breach of contract. Defendants filed a notice of removal on January 8, 2010, and filed an Answer on January 13, 2010.

On April 1, 2010, the Court held a Rule 16(b) preliminary pretrial conference and set pretrial deadlines in this case through the close of discovery.

On February 23, 2011, the appearance of counsel for Plaintiff was withdrawn.

On June 23, 2011, Defendants filed the instant Motion to Dismiss and a Brief in Support. Plaintiff has not filed a response, and the time to do so has expired.

## ANALYSIS

Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 16(f), 37(d), and 41(b).

Federal Rule of Civil Procedure 16(f) provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate-or does not participate in good faith-in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1).

Federal Rule of Civil Procedure 37(d) provides, in relevant part, that

> (1) In General
>       (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>           . . .
>           (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> . . .
> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(d).

Federal Rule of Civil Procedure 37(b)(2)(A)(v), one of the sanctions allowed under Rule 16(f) and Rule 37(d), provides for an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Federal Rule of Civil Procedure 41(b) provides,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

On May 26, 2010, counsel for State Farm served interrogatories and requests to produce documents on Plaintiff through counsel. Pursuant to the Federal Rules of Civil Procedure, Plaintiff's answers and responses were due on June 28, 2010. Counsel for each party reached an agreement whereby Plaintiff would serve his discovery responses by August 20, 2010. No responses were received by that date. On January 6, 2011, counsel for Defendant sent counsel for Plaintiff a letter inquiring as to when the discovery responses would be served. Plaintiff served his discovery responses on January 20, 2011. In Request to Produce No. 6, State Farm had asked for "[a] copy of your individual Federal tax returns, including all W2s and other attachments and all schedules, for the years 2006, 2007, 2008, and 2009." Plaintiff did not include these documents in his discovery production on January 20, 2011.

On February 21, 2011, counsel for Plaintiff moved to withdraw his appearance, and the Court granted the motion on February 23, 2011, setting this matter for an in-person status conference for March 24, 2011. The Court specifically ordered Plaintiff to appear in person for the conference. The Court's order and a copy of the docket sheet were sent by mail to Plaintiff. Plaintiff failed to

appear at the March 24, 2011 conference. That date, the Court again ordered Plaintiff to appear in person, resetting the conference for April 21, 2011, and sending Plaintiff notice of the conference by both first class and certified mail return receipt requested. The certified mail was returned as unclaimed on April 19, 2011. Plaintiff did not appear at the April 21, 2011 status conference. The Court attempted to reach Plaintiff by telephone but was only able to leave a voice mail message.

Meanwhile, in the interim between the two scheduled status conferences, on March 31, 2011, counsel for Defendants sent a letter, pursuant to Northern District of Indiana Local Rule 37.1, requesting that a telephone conference be conducted to resolve any issues regarding Plaintiff's failure to produce the requested tax documents. As of the date of the instant motion, Plaintiff had not responded.

Since the withdrawal of his attorney, Plaintiff has not retained new counsel. Plaintiff has conducted no discovery. Plaintiff has taken no action to prosecute this case himself other than to contact counsel for Defendants by phone on April 21, 2011, to inquire whether State Farm would pay him any money to settle this litigation. Counsel for Defendants informed Plaintiff that Defendants did not believe an offer was justified or appropriate. Plaintiff has taken no action in this case since that telephone conference.

The Court finds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure by failing to respond to discovery requests, to appear at two pretrial conferences notwithstanding notice, to comply with Court orders to appear before this Court, and to prosecute his case. Accordingly, the Court finds that, pursuant to Federal Rules of Civil Procedure 16(f), 37(d), 37(b)(2)(A)(v), and 41(b), dismissal of the case is warranted.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss [DE 24].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 13th day of July, 2011.

        s/ Paul R. Cherry  
        MAGISTRATE JUDGE PAUL R. CHERRY  
        UNITED STATES DISTRICT COURT

cc:    All counsel of record  
       Pro se Plaintiff Hare